UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ALLISON HOWARD | * | CIVIL ACTION |
| VERSUS | * | NO. 24-252 |
| TARGET CORPORATION OF MINNESOTA | * | SECTION "M" (2) |

**ORDER AND REASONS**

Pending before me is Defendant Target Corporation of Minnesota's Motion to Quash Subpoena to Permit Inspection of Premises. ECF No. 24. Plaintiff Allison Howard submitted a timely Opposition, and Target filed a Reply. ECF Nos. 30, 31. No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Defendant's Motion to Quash is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

**I.   BACKGROUND**

Howard filed suit against Target alleging that she was injured when a metal and wooden sign fell from the top shelf of an aisle at the store. ECF No. 1 ¶ 6. Target asserts that Plaintiff's ex-husband threw a toy and struck the overhead sign. ECF no. 24-1 at 1.

Judge Ashe issued a Scheduling Order on March 15, 2024, establishing a trial date of December 9, 2024, discovery deadline of November 8, 2024, and expert report deadlines of August 12, 2024, for Howard and September 10, 2024, for Target. ECF No. 12. Howard and Target timely issued expert reports. Plaintiff's expert report appears to be based on review of the complaint, deposition, and photographs. ECF No. 30-1 ¶¶ 9-15. Target contends that it repeatedly requested dates for Plaintiff's expert's deposition to no avail, but when discussing dates on

1

September 24, 2024, Plaintiff requested dates for her expert to inspect the property. ECF No. 24 at 1-2. When Target refused to provide dates, Plaintiff issued a Subpoena to Permit Inspection. ECF No. 30-3.

Target objects to the inspection because expert reports have already been exchanged and the deadline for submission of dispositive motions and *Daubert* motions is October 31, 2024 (continued from the original deadline of October 3, 2024). ECF No. 24-1 at 2; *see also* ECF Nos. 12, 16. Target argues that it would be inappropriate for Plaintiff's expert to inspect the premises after he issued his expert report and to do so invites a revised or supplemental report. ECF No. 24-1 at 2-3. Target also argues that it is unfair to allow the inspection at this late juncture because it would leave Target with no time to depose the expert after the inspection and motion deadline. *Id.* at 3.

In Opposition, Plaintiff argues that the discovery deadline does not expire until November 8, 2024, the request for inspection is relevant and proportional under Rule 26, and she is entitled to inspect the premises under Rule 34. ECF No. 30 at 1. Plaintiff also argues that she has been trying to inspect the scene for 2.5 months, recounting emails between counsel. *Id.* at 2-4. Plaintiff argues that her expert is entitled to inspect the scene to confirm his conclusions and prepare for deposition. *Id.* at 4-5.

In Reply, Target reiterates its arguments that the proposed inspection date comes after the dispositive motions and *Daubert* deadline and, if allowed, will invite a revised or supplemental report. ECF No. 31 at 1-3.

## II.     APPLICABLE LAW AND ANALYSIS

Initially, based on the assertions in the memoranda, the parties' lack of cooperation and responsiveness in scheduling depositions and inspection is nothing short of unprofessional. Counsel are advised that such conduct and gamesmanship will not be tolerated in this Court.

Rule 34(a)(2) provides that a party "may serve on any other party a request" to enter onto "designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect . . . the property."[1] The request must (1) describe with reasonable particularity each item or category of items to be inspected and (2) specify a reasonable time, place, and manner for the inspection and for performing the related acts.[2] The Rule 34 inspection request must comply with the scope of Rule 26(b)(2), which limits a party's ability to obtain discovery that is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or where the "party seeking discovery has had ample opportunity to obtain the information by discovery in the action."[3]

A party also has thirty days to respond to the request, unless a "shorter or longer time" is stipulated between the parties or ordered by the Court.[4] If a responding party does not agree to an inspection, the requesting party "may move for an order compelling disclosure or discovery."[5] The resisting party must show why an inspection would be "irrelevant, overly broad, unduly burdensome or oppressive."[6] Since entry upon a party's premises may entail greater burdens and risks than mere production of documents, a greater inquiry into the necessity for inspection is

---

[1] FED. R. CIV. P. 34(a)(2).
[2] *Id*. Rule 34(b)(1)(A)-(B).
[3] *Id*. Rule 26(b)(2)(C)(i)-(ii).
[4] *Id.* Rule 34(b)(2)(A).
[5] *Id*. Rule 37(a)(1).
[6] *Stanton 4433 Owners Ass'n v. State Farm Lloyds*, No. 20-280, 2022 WL 17752218, at *3 (W.D. Tex. Sept. 6, 2022) (quoting *Camoco, LLC v. Leyva*, 333 F.R.D. 603, 606 (W.D. Tex. 2019)).

warranted, weighing the needs of the parties against the hardships and hazards created by the inspection.[7]

Although Rule 45 does not distinguish between parties and non-parties, courts generally disallow the use of a Rule 45 subpoena to shorten the time period specified to obtain the discovery under Rules 33 or 34.[8] A demand for inspection on October 18, 2024, issued via subpoena dated September 30, 2024, is thus improper. The discovery deadline in this case does not expire until November 8, 2024. Although issuance of a subpoena specifying a compliance date of fewer than thirty days after issuance is improper, the request issued on September 30, 2024, does allow for inspection with thirty days' notice and before expiration of the discovery deadline.

Although Plaintiff's issuance of a subpoena with fewer than thirty days' notice of the inspection is procedurally improper, Defendant has not established that the inspection (informally requested for months) would be irrelevant, overly broad, unduly burdensome or oppressive. Therefore, Plaintiff's subpoena will be converted into a Rule 34 Request for Inspection, with an inspection date occurring between October 30th and November 8th, unless the parties agree on an earlier date.

---

[7] *Young v. State Farm Fire & Cas. Co.*, No. 06-9871, 2007 WL 2127871, at *2 (E.D. La. July 25, 2007).
[8] See *Gomez ex rel. "YHL" v. Normand*, No. CV 16-17046, 2017 WL 2868850, at *2-*3 (E.D. La. July 5, 2017) (granting motion to quash subpoena requiring response in fewer than thirty days); *Trotta v. Cajun Conti LLC*, No. 15-1186, 2016 WL 6473239, at *1 (E.D. La. Nov. 2, 2016) (stating that "use of a Rule 45 subpoena duces tecum instead of Rule 34 requests for production must be viewed as an attempt to circumvent the time requirements – 30 days to respond—and other orderly procedures, both for objections to such requests and for production of materials, between parties contemplated by Fed. R. Civ. P. 34."); *Front-Line Promotions & Mktg., Inc. v. Mayweather Promotions, LLC*, No. 08-3208, 2009 WL 928568, at *5 (E.D. La. Apr. 2, 2009) ("[P]ursuant to Federal Rule of Civil Procedure 45, a subpoena is an improper mechanism for seeking discovery from a party to the litigation."); *Hamilton v. Ochsner Health Sys., Inc.*, No. 12-1398, 2012 WL 6725609, at *3 (E.D. La. Dec. 27, 2012) (Brown, J.) (noting that Rule 45 does not allow a party to circumvent the discovery deadline); *Thomas v. IEM, Inc.*, No. 06–886, 2008 WL 695230, at *2 (M.D. La. Mar. 12, 2008) ("Rule 45 subpoenas, although not technically precluded by the language of Rule 45 from being served upon parties to litigation, are generally used to obtain documents from non-parties and are 'clearly not meant to provide an end-run around the regular discovery process under Rules 26 and 34.'").

Defendant may examine Plaintiff's expert as to the basis for his opinion, including the absence of inspection prior to issuance, and challenge any attempts to supplement or alter that report after the applicable deadline.

## III. **CONCLUSION**

The discovery deadline does not expire until November 8, 2024. Thus, the parties are entitled to conduct discovery that is relevant and proportional to the needs of the case until that time. A party must, however, have at least thirty days' advance notice of a request to inspect its premises, unless the parties agree otherwise. Accordingly, for the foregoing reasons,

IT IS ORDERED that Defendant's Motion to Quash (ECF No. 24) is GRANTED IN PART AND DENIED IN PART. Plaintiff's subpoena is converted into a Rule 34 Request for Inspection, with an inspection between of October 30 - November 8, 2024, unless the parties agree on an earlier date.

New Orleans, Louisiana, this 16th day of October, 2024.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE